FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 0 2 2009 ★

BROOKLYN OFFICE

William Coudert Rand (WR 7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909
Co-Counsel
Jeffrey M. Gottlieb (JG 7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFFS

ROSS, J.

AZRACK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GABRIEL SIERRA, CESARA REYES,
MARGARITO REDONDO, ROBERTO BONILLA,
ZULMA ALVARENGA, WILSON GUEVARA,
YUMY PEREIRA VALASQUEZ,
ROSA E. MANZANO, MICHAEL ROONEY,
MIRTHA S. LLERENA, SANDRA E. RIVERA,
DAVID FLORES, JUANA FLORES, and JOSE ARIAS
Individually and on Behalf of All Other Persons
Similarly Situated,
                                Plaintiffs,

        -against-

MILLERIDGE COTTAGE, INC., MILLERIDGE
CARRIAGE HOUSE, INC., BRUCE MURPHY,
OWEN SMITH, And JOHN DOES # 1-10,
Jointly and Severally,
                                Defendants.
----------------------------------------------------------------X

**COLLECTIVE AND
CLASS ACTION
COMPLAINT**

09 Civ. **09 0864**

**Jury Trial Demanded**

Plaintiffs, GABRIEL SIERRA, CESARA REYES, MARGARITO REDONDO,

ROBERTO BONILLA, ZULMA ALVARENGA, WILSON GUEVARA,

YUMY PEREIRA VALASQUEZ, ROSA E. MANZANO, MICHAEL ROONEY,

MIRTHA S. LLERENA, SANDRA E. RIVERA, DAVID FLORES, JUANA FLORES, and JOSE ARIAS, through their attorneys, complaining of Defendants MILLERIDGE COTTAGE, INC., MILLERIDGE CARRIAGE HOUSE, INC., BRUCE MURPHY, OWEN SMITH, And JOHN DOES # 1-10 ("Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees, classified by Defendants as wait staff and other comparable positions with different titles, that they are: (i) entitled to unpaid statutory minimum wages, wages from Defendants for work for which they did not receive compensation for all of the hours worked by them, for overtime work for which they did not receive overtime premium pay as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) (as set forth by *Samiento v. World Yacht, Inc.*, N.Y. Ct. of App., 2/14/08) and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2.     Plaintiffs further complain, on behalf of themselves and other similarly situated current and former employees, that they are entitled to statutory minimum wages, back wages from Defendants for work for which they did not receive compensation for all of the hours worked by them as well as overtime work for which they did not receive overtime premium pay, spread of hours pay and uniform cleaning allowance, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New

- 2 -

York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4.      The Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants' principal places of business are in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7.      Plaintiff, GABRIEL SIERRA ("Sierra"), resides in Queens County, New York.

8.      Plaintiff, CESARA REYES ("Reyes"), resides in Nassau County, New York.

9.      Plaintiff, MARGARITO REDONDO ("Redondo"), resides in Suffolk County, New York.

10.     Plaintiff, ROBERTO BONILLA ("Bonilla"), resides in Queens County, New York.

11.     Plaintiff, ZULMA ALVARENGA ("Alvarenga"), resides in Nassau County, New York.

12.     Plaintiff, WILSON GUEVARA ("Guevara"), resides in Nassau County, New York.

13.     Plaintiff, YUMMY PEREIRA VALASQUEZ ("Velasquez"), resides in Nassau County, New York.

14.     Plaintiff, ROSA E. MANZANO  ("Manzano"), resides in Nassau County, New York.

15.     Plaintiff, MICHAEL ROONEY ("Rooney"), resides in Nassau County, New York.

16.     Plaintiff, MIRTHA S. LLERENA ("Llerena"), resides in Nassau County, New York.

17.     Plaintiff, SANDRA E. RIVERA ("Rivera"), resides in Nassau County, New York.

18.     Plaintiff, DAVID FLORES  ("D. Flores"), resides in the State of Florida.

19.     Plaintiff, JUANA FLORES  ("D. Flores"), resides in the State of Florida.

20.     Plaintiff, JOSE ARIAS  ("Arias"), resides in the State of California.

21.     Plaintiffs regularly worked for Defendants in excess of forty (40) hours per workweek, without receiving statutory minimum wages, compensation for all hours worked by them as well as overtime compensation and Defendants also misappropriated their tips and/or gratuities in violation of the New York Labor Law and the FLSA.

22.     Upon information and belief, Defendant, Milleridge Cottage, Inc. ("Cottage"), is a corporation organized and existing in the State of New York.

23.     Upon information and belief, Defendant, Cottage, owns and operates a restaurant and catering facility.

24.     Upon information and belief, Defendant, Cottage, has a principal place of business at 585 North Broadway, Jericho, New York, 11753, Nassau County in the State of New York.

25.     Upon information and belief, Defendant, Milleridge Carriage House, Inc. ("Carriage House"), is a corporation organized and existing in the State of New York.

26.     Upon information and belief, Defendant, Carriage House, owns and operates a restaurant and catering facility.

27.     Upon information and belief, Defendant, Carriage House, has a principal place of business at 585 North Broadway, Jericho, New York, 11753, Nassau County in the State of New York.

28.     Upon information and belief, Defendant, Bruce Murphy ("Murphy"), owns, operates and/or controls the day to day operations and management of Cottage and conducts business at 585 North Broadway, Jericho, New York, 11753 and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

29.     Upon information and belief, Defendant, Owen Smith ("Smith"), owns, operates and/or controls the day to day operations and management of Cottage and conducts business at 585 North Broadway, Jericho, New York, 11753 and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

30.     Upon information and belief, Defendant, Bruce Murphy, owns, operates and/or controls the day to day operations and management of Carriage House and

conducts business at 585 North Broadway, Jericho, New York, 11753 and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

31.     Upon information and belief, Defendant, Owen Smith, owns, operates and/or controls the day to day operations and management of Carriage House and conducts business at 585 North Broadway, Jericho, New York, 11753 and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

32.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with Defendants.

33.     Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

34.     Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees; controlled Plaintiffs' work schedule and conditions of employment;

determined the rate and method of their payment; and kept at least some records regarding their employment.

## COLLECTIVE ACTION ALLEGATIONS

35.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from February 30, 2003 through March 7, 2008 (the "Collective Action Period"), who were wait staff and other comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no compensation for all of the hours that they worked and/or minimum statutory wages and/or overtime at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive tips and/or gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

36.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

37.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the

- 7 -

fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

38.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

39.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

      a.  whether Defendants employed the Collective Action Members within the meaning of the FLSA;

      b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      c.  whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

      d.  whether Defendants failed to pay the Collective Action Members for all of the hours worked by them and/or the statutory minimum wage and/or overtime compensation for hours worked in excess of forty

hours per workweek in violation of the FLSA and the regulations promulgated there under;

e.  whether Defendants improperly withheld tips and/or gratuities, in violation of 29 U.S.C. §203(m);

f.  whether Defendants required an improper tip sharing pool;

g.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

i.  whether Defendants should be enjoined from such violations of the FLSA in the future.

40.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## **CLASS ALLEGATIONS**

41.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

42.   Plaintiffs bring their New York Labor Law claim on behalf of all persons who were employed by Defendants at any time from February 30, 2003 through March 7, 2008, in the State of New York (the "Class Period"), who were wait staff and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the hours worked by them and/or who have not been paid proper statutory

minimum wages and/or overtime wages and/or who did not properly receive tips and/or gratuities and/or did not receive uniform allowance and/or spread of hours wages in violation of the New York Labor Law (the "Class").

43.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of Class during the Class Period.

44.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

45.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

47.    Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

48.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. what proof of hours worked is sufficient where employers fail in their duty to maintain time and/or pay records;

c. whether Defendants failed and/or refused to pay the members of the Class for all hours worked by them and/or statutory minimum wages and/or time and one-half for all hours worked in excess of forty hours per workweek and/or spread of hours pay and/or uniform cleaning allowance;

d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;

e. whether Defendants requires members of the Class to participate in an improper tip sharing pool;

f. whether Defendants failed to post the notice required by New York Labor Law §198-d;

g. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;

h. whether the individual Defendants participated in the day to day management of Defendant and are "joint employers" and liable to Plaintiffs;

i. whether the Defendants' actions, as alleged, were willful or with reckless disregard of the law;

j. whether Defendants and Individual Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

k. whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations;  and

l. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

49.    Plaintiff, GABRIEL SIERRA has been employed by Defendants as a waiter and/or food server from about May 27, 2006 until the present.

50.    Plaintiff, CESARA REYES has been employed by Defendants as a waiter and/or food server from on or about September 19, 2003 until the present.

51.    Plaintiff, MARGARITO REDONDO has been employed by Defendants as a waiter and/or food server from on or about September 2005 until the present.

52.    Plaintiff, ROBERTO BONILLA has been employed by Defendants as a waiter and/or food server from about May 11, 1994 to the present.

53.    Plaintiff, ZULMA ALVARENGA has been employed by Defendants as a waiter and/or food server from on or about 1997 until the present.

54.    Plaintiff, WILSON GUEVARA has been employed by Defendants as a waiter and/or food server from on or about April 26, 1999 until the present.

55.    Plaintiff, YUMY PEREIRA VALASQUEZ has been employed by Defendants as a waiter and/or food server from on or about February 2006 until the present.

56.     Plaintiff, ROSA E. MANZANO has been employed by Defendants as a waiter and/or food server from July 2000 to the present.

57.     Plaintiff, MICHAEL ROONEY was employed by Defendants as a waiter and/or food server from October 2005 to January 3, 2009.

58.     Plaintiff, MIRTHA S. LLERENA was employed by Defendants as a waitress and/or food server from mid-2000 to about October 2008.

59.     Plaintiff, SANDRA E. RIVERA has been employed by Defendants as a waiter and/or food server from on or about 2002 until the present.

60.     Plaintiff, DAVID FLORES was employed by Defendants as a waiter and/or food server from on or about September 2005 until December 2007.

61.     Plaintiff, JUANA FLORES was employed by Defendants as a waiter and/or food server from on or about 1995 until December 2007.

62.     Plaintiff JOSE ARIAS was employed by Defendants as a waiter and/or food server from about February 2006 until December 2006.

63.     Upon information and belief, Defendants, John Does #1-10 are officers, directors and/or managing agents of Defendants and participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Defendants.

64.     Upon information and belief, Defendants failed to pay Plaintiffs an allowance for the purchase, care and cleaning of their uniforms that Defendants required them to wear during their employment for the Defendants.

65.     Upon information and belief, Defendants charged, levied upon, assessed, imposed and/or collected from its customers an amount equal to eighteen (18%) per cent of its customary fees ("Gratuity") and said Gratuity was separately itemized on customer statements.

66.     Upon information and belief, Defendants either told, led or allowed its customers, to believe that the additional charge is a Gratuity for and on behalf of its employees.

67.     Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

68.     Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiffs and the other members of the class.

69.     Upon information and belief, Defendants did not inform Plaintiffs and/or the similarly situated employees of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

70.     Upon information and belief, Defendants unlawfully redistributed part of Plaintiffs' tips to employees in positions that do no customarily and regularly receive tips.

71.     Upon information and belief, Defendants imposed upon Plaintiffs and/or similarly situated employees a tip redistribution or sharing scheme to which they had never agreed.

72.     Upon information and belief, Defendants did not pay Plaintiffs and/or similarly situated employees spread of hours pay for shifts for which they worked 10 hours or more.

73.     Upon information and belief, as a result of the aforesaid, Defendants' customers were discouraged from leaving additional tips to the Plaintiffs and the other members of the class who would usually expect to receive tips from customers for the type of service provided.

74.     Upon information and belief, Defendants violated Labor Law §191(1)(a) by failing to pay Plaintiffs and other members of the class weekly as required by statute.

75.     Upon information and belief, Defendants violated Labor Law §198-d by failing to post the notice related to gratuities and wage deductions as required by statute.

76.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

77.     The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or the exercise of independent judgment.

78.     Plaintiffs often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiffs and other wait staff employees for all of the hours worked by them as well as statutory minimum wages, overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to Plaintiffs and other similarly situated employees tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

79.     Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiffs and other members of the class for all of the hours worked by them as well as statutory minimum wages, overtime compensation,

spread of hours pay, an allowance for the cleaning of their uniforms and/or to fail to remit to Plaintiffs and other members of the class tips and/or gratuities.

80.     Throughout the Class Period, Defendants have employed Plaintiffs and other individuals, like all of the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

81.     Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all of the hours worked by them as well as statutory minimum wages and/or overtime compensation of one and one-half times their regular hourly rate, spread of hours pay, uniform cleaning allowance and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

82.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

83.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

85.     At all relevant times, Defendants employed and/or continued to employ, Plaintiffs within the meaning of the FLSA.

86.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

87.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiffs' written consents are attached hereto and incorporated by reference.

88.     At all relevant times, Defendants had a policy and practice of refusing to pay to its employees for all of their hours worked as well as statutory minimum wages and/or overtime compensation for their hours worked in excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

89.     As a result of Defendants' willful failure to compensate its employees, including Plaintiffs, for all of the hours worked by them as well as statutory minimum wages and/or overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

90.     Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4.

91.     As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

92.     Upon information and belief, Defendants unlawfully redistributed portions of the tips received by on for and on behalf of Plaintiffs and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. §203(m) and supporting regulations.

93.     Upon information and belief, Defendants failed to pay Plaintiffs and the Class Members enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. §203(m) because the actual amount of tips received by Plaintiffs and the Class Members was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. §203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

94.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

95.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation as well as statutory minimum wages and/or

overtime compensation and gratuities received and not remitted, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

96.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

97.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

98.     Defendants willfully violated Plaintiffs' rights by failing to pay them for all hours worked as well as statutory minimum wages, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, spread of hours pay, an allowance for the cleaning of uniforms and/or failed to remit to them tips and/or gratuities, in violation of the New York Labor Law and its regulations.

99.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class Members.

100.    Defendants were required to pay Plaintiffs and the Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 18, 2002 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from

- 19 -

January 1, 2007 through the present time under the NYLL §652 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

101. Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

102. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.3.

103. Upon information and belief, Defendants failed to furnish Plaintiffs and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.2.

104. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation as well as unpaid statutory minimum wages as well as overtime compensation, unpaid spread of hours pay, unpaid uniform cleaning allowance, unpaid tips and/or gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiffs waive liquidated damages for the Class pursuant to the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff, Alexandra San Juan, and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff, Alexandra San Juan, and their counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.  An award of unpaid compensation, unpaid statutory minimum wages and overtime compensation and/or unpaid tips and/or gratuities under the

FLSA and the New York Labor Law and spread of hours pay and uniform allowance under the NYLL;

f.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay compensation for all hours worked as well as statutory minimum wages and/or overtime compensation, improper wage deductions and failure to remit gratuities pursuant to 29 U.S.C. § 216;

g.      An award of prejudgment and post-judgment interest;

h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i.      An Order extending the statute of limitations under the FLSA to the date six years prior to the filing of the complaint as a result of Defendants' failure to post notice that its wait staff employees were entitled to minimum wage and overtime; and

j.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       February 30, 2009

LAW OFFICE OF WILLIAM COUDERT RAND

By: _____
      William Coudert Rand (WR 7685)

711 Third Ave., Suite 1505
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909
Co-Counsel
Jeffrey M. Gottlieb (JG 7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
**ATTORNEYS FOR PLAINTIFFS**

- 23 -

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on

my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce

Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law

including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s)

challenging such conduct.

Gabriel Sierra
_____
Printed Name

_____
Signature

January / 29th / 2009
_____
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

CESAR AREYES
Printed Name

CESAR AREYES
Signature

1-26-09
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Margarito Rebondo
**Printed Name**

Margarito Redondo
**Signature**

01-26- 2009
**Date**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

_Roberto Bonilla_
**Printed Name**

_Signature_

_January / 26th / 2009_
**Date**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on

my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce

Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law

including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s)

challenging such conduct.


_Zulma alvareuza_
Printed Name

_Zulma alvareuza_
Signature

_01-26-09_
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Wilson Guevara
**Printed Name**

_____
**Signature**

1-26-09
**Date**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

_Jimmy Pareira_
Printed Name

_[signature]_
Signature

_1 / 26 / 209_
Date

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

ROSA E MANZANO
_____
Printed Name

_____
Signature

01-26-09
_____
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. To pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Michael Rooney
Printed Name

January 28, 2009
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Mirtha Plerena
Printed Name

Signature

01 - 26 - 09
Date

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.


Sandra E Rivera
**Printed Name**


**Signature**


1/26/09
**Date**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on

my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce

Murphy and Owen Smith et al. t

o pay me overtime wages as required under state and/or federal law including the Fair Labor Standards

Act and also authorize the filing of this consent in the action(s) challenging such conduct.


_David Flores_
Printed Name

_(signature)_
Signature

_1/30/09_
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on

my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce

Murphy and Owen Smith et al. t

o pay me overtime wages as required under state and/or federal law including the Fair Labor Standards

Act and also authorize the filing of this consent in the action(s) challenging such conduct.


JUANA FLORES
Printed Name

X *Juana Flores*
Signature

1-30-2009
Date

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Milleridge Cottage, Inc., Milleridge Carriage House Inc., Bruce Murphy and Owen Smith et al. to pay me overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Jose Luis Arias
Printed Name

Signature

02|27|09
Date